IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-00049-PAB

ANDRE BELLECOURT,

     Plaintiff,

v.

INDIAN HARBOR INSURANCE COMPANY, and
CONSTITUTION STATE SERVICE, LLC,

     Defendants.

---

## ORDER TO SHOW CAUSE

---

     The Court takes up this matter *sua sponte* on the Notice or Removal [Docket No. 1] filed by defendant Indian Harbor Insurance Company ("Indian Harbor"). Indian Harbor asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2.

     In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is

irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Indian Harbor asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332.  Docket No. 1 at 2.  Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile."  *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Id*. at 1260.  While, at the pleading stage, the Court takes as true all "well-pled (that is, plausible, conclusory, and non-speculative) facts," *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008), the allegations regarding the citizenship of defendant Constitution State Service, LLC ("Constitution State") are not well-pled.  Additionally, Indian Harbor does not indicate whether Constitution State consents to removal.

Indian Harbor argues that the citizenship of Constitution State should be ignored for the purposes of determining diversity jurisdiction because Constitution State is not a "real and substantial party."  Docket No. 1 at 6-7.  "[T]he 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."  *Anderson v. Lehman Bros. Bank, FSB*, 528 F. App'x 793, 795 (10th Cir. 2013) (unpublished) (quoting *Lenon v. St. Paul Mercury Ins. Co*., 136 F.3d 1365, 1369 (10th Cir. 1998)).  "Although there is no mechanical or bright line rule for determining when a party should be viewed as merely a nominal or formal party for the purpose of diversity jurisdiction, the Tenth Circuit recognizes as nominal parties those parties with no real interest in a suit or against whom no relief is sought."  *Hunt v. Jack V. Waters, D.C., P.C.*, 403 F. Supp. 3d 1036, 1067 (D.N.M. 2019) (internal quotations marks, alterations, and citations omitted). While Constitution State may have a valid defense in this case, plaintiff seeks relief against it and the Court does not consider it to be a nominal party.  Additionally, there is no indication that plaintiff fraudulently joined Constitution State in order to avoid removal, *see Anderson*, 528 F. App'x at 795 ("Fraudulent joinder . . . . can occur when the plaintiff joins a resident defendant against whom no cause of action is stated in order to prevent removal under a federal court's diversity jurisdiction." (internal quotation marks omitted)), as Indian Harbor contends that Constitution State is diverse.[1]

---

[1] Indian Harbor also argues that Janecia Willis is not a real party to the case and thus that her non-diverse citizenship does not destroy diversity jurisdiction.  Since the filing of the notice of removal, plaintiff has voluntary dismissed Ms. Willis from the case. *See* Docket Nos. 13, 16.  Accordingly, the Court need not consider this argument.

Accordingly, the Court will consider the citizenship of Constitution State in determining whether it has jurisdiction.

There are two issues with removal: the allegations are insufficient to determine the citizenship of Constitution State and Constitution State did not join in the removal.

Indian Harbor alleges the principal place of business and state of incorporation of Constitution State, *see* Docket No. 1 at 7; however, Constitution State is a limited liability company.  The citizenship of a limited liability company is determined, not by its state of organization or principal place of business, but by the citizenship of all of its members.  *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members.").  The Notice of Removal does not identify Constitution State's members and their citizenship, leaving the Court unable to determine the citizenship of Constitution State.  *See Den 8888, LLC v. Navajo Express, Inc.*, No. 21-cv-00321-STV, 2021 WL 463623, at *3 (D. Colo. Feb. 9, 2021); *U.S. Advisor, LLC v. Berkshire Prop. Advisors, LLC*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *2 (D. Colo. July 10, 2009) (citing *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006)); *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 768 (5th Cir. 2015) (unpublished) ("[W]e have observed that the appropriate tests for citizenship involve tracing [entities'] citizenships down the various organizational layers where necessary." (internal citation omitted)); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); *Delay v. Rosenthal Collins*

*Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company.  And because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well."); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] party must list the citizenships of all the members of the limited liability company."); *Prospect Funding Holdings, LLC v. Fennell*, 2015 WL 4477120, at *2 (S.D.N.Y. July 15, 2015) (collecting New York district court decisions holding that a limited liability company must "plead facts establishing their citizenship including, . . . the identity and citizenship of their members" in order to invoke diversity jurisdiction).

Additionally, Indian Harbor has not complied with 28 U.S.C. § 1446.  Section 1446 states that, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  The copy of the state court docket filed by Indian Harbor indicates that Constitution State was served on December 1, 2021, Docket No. 1-11 at 2, which is before the notice of removal was filed.  Courts understand § 1446 to mean that "a petition filed by less than all the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants."  *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo.1996); *see also Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981) ("A co-defendant . . . did not join in the petition for removal and the petition was thus procedurally defective.").

A removal that does not comply with the express statutory requirements for removal "can fairly be said to render the removal 'defective' and justify a remand." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)); *see also Centura Health Corp. v. Agnew*, No. 18-cv-00569-RBJ, 2018 WL 3454976, at * 3 (D. Colo. July 18, 2018).  Because removal is entirely a statutory right, the relevant procedures must be followed.  *See Cohen v. Hoard*, 696 F. Supp. 564, 565 (D. Kan. 1988).  Thus, "[t]he failure of all defendants to consent to removal will result in remand."  *Padilla v. Am. Modern Home Ins. Co.*, 282 F. Supp. 3d 1234, 1254–55 (D.N.M. 2017).  Additionally, the unanimity rule requires that, "[w]here there are multiple defendants, all defendants served at the time of filing must join in the notice of removal."  *Vasquez v. Americano U.S.A., LLC*, 536 F. Supp. 2d 1253, 1257 (D.N.M. 2008) (citing *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981)).  Courts have also required that, to join a notice of removal, the support must be in writing.  *See, e.g.*, *Roybal v. City of Albuquerque*, 2008 WL 5991063, at *2 (D.N.M. Sept. 24, 2008); *Henderson v. Holmes*, 920 F. Supp. 1184, 1186 (D. Kan. 1996).  The lack of unanimous consent, however, is a procedural defect, not a jurisdictional defect.  *See Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.*, 98 F. App'x 752, 756 (10th Cir. 2004) (unpublished) (citing *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 580 (10th Cir. 1997)); *see also Sheet Metal Workers Int'l Ass'n v. Seay*, 693 F.2d 1000, 1005 n.8 (10th Cir. 1982).

Because the allegations regarding Constitution State's citizenship are not well-pled, the Court is unable to determine whether the Court has jurisdiction.  *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495

6

(10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)). Additionally, the Court believes that Indian Harbor has not complied with 28 U.S.C. § 1446.  It is therefore

**ORDERED** that, on or before **April 8, 2022**, Indian Harbor shall show cause why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction.

DATED March 25, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge