IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-00049-PAB-SKC

ANDRE BELLECOURT,

    Plaintiff,

v.

INDIAN HARBOR INSURANCE COMPANY, and
CONSTITUTION STATE SERVICE, LLC,

    Defendants.

## ORDER

This matter comes before the Court on the Renewed Motion to Dismiss Complaint Against Constitution State Services, LLC [Docket No. 8], filed by defendant Constitution State Service, LLC ("Constitution State") pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff did not respond. Despite this, Constitution State filed a reply in support of its motion, Docket No. 12, focusing on the legal effect of plaintiff's failure to respond.

**I. BACKGROUND[1]**

This case arises out of a motor vehicle collision. On or about November 23, 2018, plaintiff was a passenger in a vehicle operated by a Lyft, Inc. ("Lyft") driver, Janecia Willis.[2] Docket No. 3 at 3, ¶¶ 4-5. A vehicle operated by Barton Johnson

---

[1] The following facts are taken from the complaint and are presumed to be true for the purpose of ruling on Constitution State's motion to dismiss.

[2] Ms. Willis was originally named as a defendant in this case, *see* Docket No. 3 at 1, but has since been dismissed. Docket No. 16.

struck the Lyft vehicle from behind while plaintiff was entering the vehicle. *Id.*, ¶¶ 5-6. Plaintiff settled his claim against Mr. Barton for the policy limit of $25,000. *Id.*, ¶¶ 6, 11. Plaintiff brings one underinsured motorist claim against defendants, alleging that his medical bills are in excess of $749,000. *Id.* at 4, ¶¶ 16, 18. Plaintiff alleges that Constitution State is an insurer of Lyft. *Id.*, ¶¶ 14, 17. Constitution State nevertheless moves to dismiss the complaint against it, arguing that Constitution State is actually a third-party administrator ("TPA") providing claims handling services to defendant Indian Harbor Insurance Company ("Indian Harbor"), who is the insurer for Lyft. Docket No. 8 at 2. Constitution State argues that plaintiff cannot enforce the insurance policy against it as a TPA.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibility follow from the facts alleged, not the facts themselves be plausible." *RE/MAX, LLC. v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzalez*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement needs only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). However, a plaintiff must

provide "supporting factual averments" with his allegations. *Cory v. Allstate Insurance*, 583 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)). Otherwise, the Court needs not accept conclusory allegations. *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alternations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alternations omitted).

## III. ANALYSIS

Constitution State claims it is the TPA for Indian Harbor. Docket No. 8 at 5. And, in fact, the complaint refers to Constitution State as "Constitution State Services, LLC, Tpa for Indian Harbor Insurance Company." *See, e.g.*, Docket No. 3 at 2, ¶ 2.

Constitution State also attaches portions of the insurance policy referred to in the complaint, which is a policy between plaintiff and Indian Harbor. *See* Docket No. 8-1. It is not a policy between plaintiff and Constitution State. As a result, Constitution State moves to dismiss plaintiff's claims against it as implausible. Docket No. 8 at 2. Plaintiff did not respond to Constitution State's motion to dismiss.[3]

The Tenth Circuit has held that "a district court may not grant a motion to dismiss for failure to state a claim merely because a party failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (internal quotation marks, citation, and alterations omitted). However, the Tenth Circuit has also noted that *Issa* "outlined the procedures to be followed when a *pro se* litigant fails to comply with local rules requiring a response to a motion to dismiss his complaint." *Persik v. Manpower Inc.*, 85 F. App'x 127, 130 (10th Cir. 2003) (unpublished). In contrast, plaintiff is represented by counsel in this case. Plaintiff's counsel has made filings and appeared at proceedings in this case. *See* Docket No. 13 at 2; Docket No. 23 at 1.

The Court finds that the failure of plaintiff, a represented party, to respond to a motion to dismiss filed in both state court and federal court warrants the Court finding that plaintiff has abandoned his claim against Constitution State. Accordingly, the Court will grant the motion to dismiss and dismiss Constitution State as a defendant in this case. *See Baum v. Dunmire Prop. Mgmt., Inc.*, No. 21-cv-00964-CMA-NYW, 2022 WL 889097, at *7 (D. Colo. Mar. 25, 2022) ("Because Plaintiff failed to respond to

---

[3] Constitution State originally filed the motion to dismiss in state court before the removal of the case to federal court. *See* Docket No. 1-11 at 2. Plaintiff did not respond to the motion in state court before the removal. *See id.* After removal, Constitution State again filed is motion to dismiss and plaintiff again failed to respond. *See* Docket No. 8.

Defendant, the Court deems this claim as having been abandoned based on her failure to raise any arguments to save the claim from dismissal."); *Schone v. Sodexo, Inc.*, No. 19-cv-02283-SKC, 2021 WL 915937, at *3 (D. Colo. Mar. 10, 2021), *motion for relief from judgment denied*, 2022 WL 974641 (D. Colo. Mar. 31, 2022) ("'When an argument upon a motion to dismiss that claim is subject to dismissal, and the nonmoving party fails to respond to such an argument, such claims are deemed abandoned and subject to dismissal.'") (quoting *Barnes v. AstraZeneca Pharm. LP*, 253 F. Supp. 3d 1168, 1171 (N.D. Ga. May 23, 2017)).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Renewed Motion to Dismiss Complaint Against Constitution State Services, LLC [Docket No. 8] is **GRANTED**. It is further

**ORDERED** that Constitution State Services, LLC is dismissed from this case with prejudice.

DATED August 25, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge